JON M. SANDS
Federal Public Defender
**WALTER I. GONÇALVES, JR.**
Assistant Federal Public Defender
State Bar No. 023659
407 W. Congress St., Suite 501
Tucson, AZ  85701
Telephone:  (520) 879-7500
walter_gonçalves@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR24-00560-TUC-RM-LCK |
| Plaintiff, | **Sentencing Memorandum** |
| vs. | |
| Richard Alex Tuccio, | |
| Defendant. | |

## Introduction

This Court should accept the plea agreement and impose a sentence of five years of probation. Plea Agrmt. 3:2-3, ECF No. 28. The reasons for this request are as follows:

- Richard Tuccio's minimal criminal history
- Family and work responsibilities
- Community and family support
- Success on Pretrial Services supervision
- Required forfeiture payment of $17,998.97

//

//

1

I. **The Plea Agreement Requires a Mandatory Term of Five Years Probation with No Incarceration.**

The government and the undersigned negotiated a plea agreement to five years of probation because of a litigation compromise. Agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) did not read Mr. Tuccio *Miranda* rights when they questioned him outside of his home. Govt. Disc. 64 – 66.

In the beginning of the interview, before agents obtained incriminating statements, Mr. Tuccio stood up to retrieve a firearm the agents were curious about. *Id*. at 120. The agents told him he was not free to get the firearm. *Id*. Mr. Tuccio believed this command required him to stay seated and triggered the requirement of *Miranda* warnings before law enforcement questioning likely to elicit incriminating responses. *New York v. Quarles*, 467 U.S. 649 (1984).

Mr. Tuccio's statements are a critical part of the prosecution, so the government offered a plea that requires probation. The undersigned advised Mr. Tuccio of all options available, including the strengths and weaknesses of a motion to suppress statements, and what could happen if he lost or prevailed on the motion before the magistrate judge and this Court. Mr. Tuccio accepted the plea agreement. Min. Entry, ECF. No. 27.

II. **Reasons for This Court to Accept the Agreement and Impose Probation**

  A. Mr. Tuccio's minimal criminal history

According to the Pretrial Services (PTS) report, Mr. Tuccio has no prior felony record. Prtrl. Srvs. Report 4, ECF No. 9. At the time of his arrest, he had three misdemeanor convictions for driving with a suspended license, possession of marijuana, and possession of drug paraphernalia. *Id*. These charges are from 2014, 2015, and 2019, respectively. *Id*. The last case on page four of the PTS report, involving the misdemeanor allegation of "Knowingly Touch with Intent to Injure/Insult/Provoke," was pending at the time of Mr. Tuccio's arrest. *Id*. According to Mr. Tuccio, this matter is still pending. Def.

Cnsl. Text Msgs. with Richard Tuccio (Oct. 18, 2024). He has no attorney for this case, indicating that the City of Tucson is likely not recommending jail time. *Id.*

### B. Family Responsibilities

Mr. Tuccio is the father to two young boys, ages one and two. He has been in a romantic relationship with their mother, Priscilla Chavez, for the last four years. *Id.* The family lives in an apartment in south Tucson. *Id.* Ms. Chavez has mainly been a stay-at-home parent for the last two years but returns to work as a claim specialist for Geico on Monday, October 21, 2024. *Id.*

### C. Work History

As of this filing, Mr. Tuccio works two jobs, seven days a week. Def. Cnsl. Text Msgs. with Richard Tuccio (October 15, 2024). His main job is at Gustavo's Landscaping Co., the other is in remodeling, for a company owned by Ms. Chavez's brother. *Id.* Mr. Tuccio aspires to open his own landscaping business in the not-so-distant future. *Id.*

### D. Community and Family Support

Mr. Tuccio has the advantage of a loving partner, members of her family, his cousin, and his sister. They help him during this difficult time. These people have written character letters on his behalf:

- Rebecca Bellerez (Ms. Chavez's grandmother)
- Priscilla Chavez (romantic partner and mother of Mr. Tuccio's children)
- Candance Moore (sister)
- Priscilla Chavez (Ms. Chavez's mother)
- Kristy Valenzuela (cousin)

The letters describe Mr. Tuccio as a good father, partner, his efforts to improve as a person since the birth of his sons, and how he has been making the most of a difficult situation.

E.  Success on PTS Supervision

Mr. Tuccio has been on PTS supervision since his release from custody on January 10, 2024. To date, the undersigned has received no notices of any complaints or issues from his supervising officer. This shows Mr. Tuccio is amenable to supervision on probation and is likely to succeed.

F.  Mr. Tuccio Must Pay $17,998.97 in Forfeiture

Mr. Tuccio bought firearms for a third party but kept none of the weapons for himself. Def. Cnsl. Text Msgs. with Richard Tuccio (October 18, 2024). Mr. Tuccio sold the Glock firearm he tried to show ATF agents on the day of his interrogation. *Id*.

The government confiscated none of the firearms in the indictment. Govt Disc. 1 – 373. Mr. Tuccio agreed to pay the value of all firearms in the indictment as a condition of his plea agreement. Plea Agrmt. 8:12–15.

The Court's rejection of this plea agreement will delay payment of any forfeiture owed to the government.

**Conclusion**

The Court should accept the plea agreement and impose a sentence of probation because of Mr. Tuccio's minimal criminal record, successful performance on Pretrial Services supervision, family and work responsibilities, family and community support, and payment of $17,998.97 in forfeiture as part of the agreement.

//

//

Respectfully submitted this 22nd day of October, 2024.

JON M. SANDS
Federal Public Defender

*s/ Walter I. Gonçalves, Jr.*
WALTER I. GONÇALVES, JR.
Assistant Federal Public Defender